# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT INTERIORS, INC.,<br><br>Defendant. | Case No. 12 cv 9001<br><br>Judge Shadur |

## MOTION TO REINSTATE THE CASE AND ENTRY OF JUDGMENT

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, David Whitfield, and respectfully requests that this Honorable Court reinstate the case and enter final Judgment for the amounts found to be owed. In support of the motion, the Plaintiffs state as follows:

1. Plaintiffs filed their complaint on November 9, 2012 and good service of summons occurred on December 6, 2012. (Exhibit A, Affidavit of Service)

2. At all times relevant to this action, the Defendant has been bound by the provisions of a Collective Bargaining Agreement and the Trust Agreements which created the Trust Funds. (Exhibit B – Signed Agreement)

3. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

4. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

5. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit the full amount owed to the Trust Funds. Plaintiffs and Defendants entered into an Agreed Order of Dismissal on September 6, 2013. (Exhibit C – Agreed Order of Dismissal)

6.  The Defendant breached Paragraph 1 of the agreed Order of Dismissal by failing to maintain the agreed upon monthly installment payments to the Plaintiffs. The Defendant submitted the first on three agreed upon payments on August 28, 2013. The Defendant owes the Plaintiffs $47,046.93 of the Agreed Order of Dismissal.

7.  Counsel for Plaintiffs took the following steps in good faith attempts to avoid additional litigations.

    a.  On October 28, 2013 Plaintiffs' counsel left a voicemail for Defendant's counsel regarding missing payments.

    b.  On October 30, 2013 Plaintiffs' counsel and Defendant's counsel spoke via phone regarding missing payments

    c.  On November 4, 2013. Defendant's counsel suggest a two party check from Madison Construction to satisfy amounts owed.

    d.  On November 11, 2013 Plaintiffs' counsel left a message for Defendant's counsel regarding the possibility of a two party check.

    e.  On November 15, 2013 Plaintiffs' counsel spoke to Defendant's counsel and verbally stated that because of the amount owed by Madison Constructions, that was liened by the Defendant, which will be paid shortly and then Defendant will pay amount owed to Plaintiffs, Plaintiff's counsel will not take legal actions.

    f.  On November 28, 2013 Plaintiffs' counsel left a message for Defendant's counsel regarding lien status.

    g.  On December 10, 2013 Defendant's counsel informed Plaintiffs' counsel that a lien had been filed against Madison Construction.

    h.  On January 3, 2014 Plaintiffs' counsel drafted a correspondence to Defendant's counsel regarding payment status.

    i.  On January 10, 2014 Defendant's counsel informed Plaintiffs' counsel that the third party lien would be recorded on January 11, 2014.

j.  On January 28, 2014 Plaintiffs' counsel spoke with Defendant's counsel where it was confirmed no movement on payment.

k.  On February 12, 2014 Plaintiffs' counsel informed Defendant's counsel that a motion to re-instate, in light of lack of payment, must be attempted.

l.  On February 17, 2014 Plaintiffs' counsel sent a copy of this motion to Defendant's counsel prior to filing to confirm that Thursday February 20, 2014 would be an acceptable hearing date.

8.  Paragraph 3 of the Agreed Order of Dismissal provides Plaintiffs' the right to seek entry of a judgment if Paragraph 1 is breached. (Exhibit C – Agreed Order of Dismissal)

9.  Paragraph 3 of the Agreed Order of Dismissal provides Plaintiffs' the right to seek any additional attorney's fees and cost expended in enforcing the Agreed Order of Dismissal if Paragraph 1 or Paragraph 2 is breached. The Plaintiffs have incurred an additional $752.50 in attorney fees and costs since the entering of the Agreed Order of Dismissal. (Exhibit C – Agreed Order of Dismissal; Exhibit D – Sworn Declaration of David Whitfield; Exhibit E – Detailed Billing of Whitfield McGann & Ketterman)

WHEREFORE, Plaintiffs pray:

a)  That a judgment is entered against the Defendant in the amount of $47,799.43.

b)  The Defendant be ordered to submit payment of $47,799.43 to the Plaintiffs.

i)  That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

By: /s/ David Whitfield
Attorney for Plaintiffs

David Whitfield
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
T: (312) 251-9700 F: (312) 251-9701

3